THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

January 10, 2022

Opposition No. 91245585

*Lumber Liquidators Services, LLC*

*v.*

*Columbia Insurance Company*

**J. Krisp, Interlocutory Attorney:**

This proceeding is before the Board for determination of Opposer's July 12, 2021 motion for reconsideration. 27 TTABVUE. Opposer seeks reconsideration of the Board's denial of its July 5, 2021 motion for summary judgment as untimely filed. The motion for reconsideration is fully briefed.

## I.    Relevant Background

On March 8, 2021, the parties filed, and were granted, a consented motion to extend discovery and trial dates. 23-24 TTABVUE. The motion specified July 3, 2021, a Saturday, as the deadline for Opposer to serve pretrial disclosures. 23 TTABVUE 1. July 4, 2021 was a Sunday, and Monday, July 5, 2021 was a Federal holiday.

On July 5, 2021, Opposer filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a). 25 TTABVUE. The Board reviewed the timeliness of the motion in

accordance with Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1), which states, in pertinent part:

> A motion for summary judgment must be filed before **the day of the deadline for** pretrial disclosures for the first testimony period, as originally set or as reset. (emphasis added)

*See also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 528.02 (2021).

The Board issued an order noting that Opposer filed its motion subsequent to July 3, 2021 – the day of the deadline for pretrial disclosures for the first testimony period as reset – and denied the motion as untimely. 26 TTABVUE 1.

## II. Opposer's Motion for Reconsideration

Opposer requests reconsideration of the ruling that its motion for summary judgment was untimely. Opposer's motion for reconsideration is timely pursuant to Trademark Rule 2.127(b); 37 C.F.R. § 2.127(b).

The premise underlying a motion for reconsideration or modification pursuant to Trademark Rule 2.127(b) is that based on the facts before it and the prevailing authorities, the Board erred in the order or decision it issued. *See Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015); *see also* TBMP § 518. Such a motion may not be used to introduce additional evidence, nor should it be devoted simply to a reargument of the points presented in a brief on the original motion. *See Scotch Whisky Assoc. Ltd. v. ASW Distillery, LLC*, 2021 USPQ2d 179, at *3 (TTAB 2021). Rather, the motion should be limited to a demonstration that based

on the facts before it and the applicable law, the Board's ruling is in error and requires appropriate change.

Opposer's position is that its motion for summary judgment was timely, explaining its position as follows:

> [T]he deadline to provide pretrial disclosures, pursuant to 37 C.F.R. § 2.196, was July 6, 2021. Opposer filed its motion on July 5, 2021, a day before such pretrial disclosures were due. As such, the motion was timely by rule.

27 TTABVUE 2.

Trademark Rule 2.196, 37 C.F.R. § 2.196, titled "Times for taking action: Expiration on Saturday, Sunday or Federal holiday," states:

> Whenever periods of time are specified in this part in days, calendar days are intended. When the day, or the last day fixed by statute or regulation by or under this part for taking any action or paying any fee in the Office falls on a Saturday, Sunday or Federal holiday within the District of Columbia, **the action may be taken**, or the fee paid, **on the next succeeding day that is not a Saturday, Sunday or a Federal holiday**. (emphasis added)

The Rule establishes circumstances under which an action may be taken, i.e., will be considered timely, but does not do so in terms of, or by mentioning, a "deadline" or "due date."

Trademark Rule 2.127(e)(1) defines the last day on which a party may move for summary judgment by fixing that day to "before the day of the deadline for pretrial disclosures for the first testimony period, as originally set or as reset." Indubitably, "the day of the deadline" to serve pretrial disclosures may be a Saturday, Sunday or Federal holiday. Thus, the issue posed is whether Trademark Rule 2.196 applies in determining the timeliness of a motion for summary judgment that is filed

3

subsequent to "the day of the deadline for pretrial disclosures for the first testimony period, as originally set or as reset."

Trademark Rule 2.196, which has been in effect since September 12, 2003, is stated in a manner so as to address and provide guidance on the timeliness of a wide range of actions during the lifecycle of an application or registration.[1] TBMP § 112; TRADEMARK MANUAL OF EXAMINING PROCEDURE (TMEP) § 308 (2021). These actions include, for example, filing a response to an Office action in an application to register a mark,[2] filing a petition to the Director for review of a post-registration examiner's refusal to accept a Section 8 affidavit or declaration,[3] filing a notice of opposition or request for an extension of time to file a notice of opposition,[4] and filing an appeal from a final decision of the examining attorney.[5] The Rule serves to place applicants, registrants and parties to Board proceedings on notice of conditions under which the Office will consider a submission to the USPTO as having been timely filed notwithstanding that it was filed subsequent to a specified due date or deadline that falls on, or time period that ends on, a Saturday, Sunday or Federal holiday. To accomplish this, Trademark Rule 2.196 defines when "the action may be taken."

Trademark Rule 2.127(e)(1) firmly establishes that the last day on which a party may file a motion for summary judgment is the day before the day of the deadline for

---

[1] Prior to September 12, 2003, Patent and Trademark Office Rule 1.7, 37 C.F.R. § 1.7, provided for the timeliness for taking action when the time expired on a Saturday, Sunday or Federal holiday.

[2] *See* Trademark Rule 2.62(a); 37 C.F.R. § 2.62(a); TMEP § 310.

[3] *See* Trademark Rule 2.146; 37 C.F.R. § 2.146; TMEP § 1604.18.

[4] *See* Trademark Rules 2.101-2.102; 37 C.F.R. §§ 2.101-2.102; TBMP §§ 201, 206 and 209.02.

[5] *See* Trademark Rules 2.141 and 2.142(a); 37 C.F.R. §§ 2.141 and 2.142(a); TMEP § 1501; TBMP § 1202.01.

pretrial disclosures for the first testimony period, as originally set or as reset. The present Rule was adopted, and thereafter clarified, in order to establish certainty in the litigation schedule by highlighting the separation between the discovery and trial phases of proceedings, thereby serving to avoid surprise to parties at the time when they are focused on and preparing for trial. As the Board explained in *KID-Systeme GmbH v. Turk Hava Yollari Teknik Anonim Sirketi*, 125 USPQ2d 1415, 1416 n.3, (TTAB 2018):

> The deadline for the first pretrial disclosure signals the commencement of the trial portion of the proceeding; once the deadline arrives, the parties are or should be focused on trial, or settlement, but not summary judgment.

*See also* MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 81 Fed. Reg. 69967 (Oct. 7, 2016) (Notice of Final Rulemaking). The Rule was then amended to its current wording so as to make explicit the demarcation between the discovery and trial phases of proceedings. As the Board explained:

> The clarification … reflects ongoing and current practice, in keeping with the goals of efficiency and predictability in the procedure and process of trial cases.

MISCELLANEOUS CHANGES TO TRADEMARK TRIAL AND APPEAL BOARD RULES OF PRACTICE, 82 Fed. Reg. 33804 (July 21, 2017) (Notice of Final Rulemaking Clarification).

The Board considered a similar timeliness issue in the context of a motion to compel discovery, which, if filed, also must be filed "before the day of the deadline for pretrial disclosures for the first testimony period as originally set or as reset." Trademark Rule 2.120(f)(1); 37 C.F.R. § 2.120(f)(1). In *Asustek Comput. Inc. v. Chengdu Westhouse Interactive Entm't. Co.*, 128 USPQ2d 1470 (TTAB 2018), the

Board denied a motion for reconsideration of its earlier ruling that the opposer's motion to compel filed on Monday, September 25, 2017 – the due date for opposer's pretrial disclosures, as reset – was untimely. The Board rejected the opposer's position that, because the day before the day of the deadline for pretrial disclosures for the first testimony period was a Sunday, Trademark Rule 2.196 operated to extend the time for either party to file a motion to compel to the next succeeding business day, i.e., that Monday. Explaining the error in this argument, the Board specifically noted that Trademark Rule 2.196

> does not apply to the relevant provision of Trademark Rule 2.120(f)(1), which does not fix a particular day by which a motion to compel must be filed, but instead ensures that the motion be filed **before** the day of **another** event (pretrial disclosures) occurs.

*Id.*, at 1470 (emphasis added). The day of the other event – the opposer's pretrial disclosures due date – was a Monday. Also in *Asustek,* because Trademark Rules 2.120(f)(1) and 2.127(e)(1) employ identical wording to delineate the time allowed to file a motion to compel discovery and a motion for summary judgment, respectively, the Board anticipated that the same or similar timeliness issue might arise with respect to motions for summary judgment, and noted the separation between discovery and trial phases in this context as well:

> Motions for summary judgment, just as motions relating to discovery, must be filed before the proceeding enters the trial phase.

*Asustek*, 128 USPQ2d at 1471 n.3. The overriding interest in assuring that all matters relating to the discovery phase are closed and resolved prior to trial is evident in and

achieved from a proper application of Trademark Rule 2.196 to motions for summary judgment as well as motions to compel discovery.

Returning to Opposer's motion, "the day of the deadline for pretrial disclosures for the first testimony period," as reset, was Saturday July 3, 2021. The trial phase commenced as of July 3, 2021. By operation of Trademark Rule 2.196, the action that was required to be taken by that date – Opposer's service of its pretrial disclosures – would be **considered timely** if service were made on the next succeeding business day, Tuesday, July 6, 2021. However, even if service were on July 6, 2021, "the day of the deadline" would remain July 3, 2021 precisely because Trademark Rule 2.196 would not operate to change or move "the day of the deadline" to July 6, 2021, or to any other date. It provides only that, in defined circumstances, action in compliance of such deadline may be taken on the next business day. It follows, therefore, that Trademark Rule 2.196 would not, and indeed here did not, change or move any time to take an action that **is fixed to** "the day of the deadline for" Opposer's pretrial disclosures, i.e., filing a motion for summary judgment.[6] For this reason, the last day on which either party could have filed a timely motion for summary judgment under the operative schedule was Friday, July 2, 2021 – the day before the July 3, 2021 "deadline for pretrial disclosures" as reset. Inasmuch as Opposer filed its motion for

---

[6] For completeness, the timeliness of a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, which also must be filed before the day of the deadline for pretrial disclosures for the first testimony period, as originally set or as reset, is determined by applying this same analysis. *See Shared, LLC v. SharedSpaceofAtlanta, LLC*, 125 USPQ2d 1143, 1144 (TTAB 2017); TBMP § 504.01. *Cf. Estudi Moline Dissey, S.L. v. BioUrn Inc.*, 123 USPQ2d 1268 (TTAB 2017) (holding Rule 2.196 also does not apply to requirement that discovery be served early enough so responses will be due no later than close of discovery).

summary judgment after July 2, 2021, its motion was untimely. Opposer is incorrect that, through Trademark Rule 2.196, "the deadline to provide pretrial disclosures" **became** July 6, 2021. 27 TTABVUE 2. Thus, Opposer is also incorrect that the last date on which it could file a motion for summary judgment **became** July 5, 2021.

## III.    Decision

Having found that Opposer's motion for summary judgment was filed after the day of the deadline for pretrial disclosures for the first testimony period, as reset, the Board did not err when it denied that motion as untimely. Accordingly, Opposer's motion for reconsideration is **denied**. The July 9, 2021 order stands as issued.[7]

## IV.    Resumption and Schedule

Proceedings are resumed. The Board resets trial dates as indicated below, beginning with Opposer's pretrial disclosures.

| | |
|---|---|
| Plaintiff's Pretrial Disclosures Due | 2/25/2022 |
| Plaintiff's 30-day Trial Period Ends | 4/11/2022 |
| Defendant's Pretrial Disclosures Due | 4/26/2022 |
| Defendant's 30-day Trial Period Ends | 6/10/2022 |
| Plaintiff's Rebuttal Disclosures Due | 6/25/2022 |
| Plaintiff's 15-day Rebuttal Period Ends | 7/25/2022 |

---

[7] To have prevailed on summary judgment, Opposer would have been required to demonstrate that there are no genuine disputes of material fact with respect to each element of its claim, and that it is entitled to judgment as a matter of law. The summary judgment standard also would require the Board to view the evidence in a light most favorable to Applicant as the nonmovant and to draw all reasonable inferences in Applicant's favor. This is quite different from and greater than the burden of proof at trial, which is a preponderance of the evidence, and which permits appropriate inferences to be drawn from the evidence of record in favor of either party, as appropriate. *See, e.g., Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 34 USPQ2d 1822, 1824 (Fed. Cir. 1995) (in addition to proving elements of laches by preponderance of the evidence, moving party must also establish no genuine [dispute] of material fact as to those elements); *see also* TBMP § 528.01.

Plaintiff's Opening Brief Due        9/23/2022
Defendant's Brief Due              10/23/2022
Plaintiff's Reply Brief Due         11/7/2022
Request for Oral Hearing (optional) Due 11/17/2022

Generally, the Federal Rules of Evidence, Federal Rules of Civil Procedure and Trademark Rules of Practice apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b); 37 C.F.R. § 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a); 37 C.F.R. § 2.129(a).

It is the responsibility of each party to ensure that the Board has the party's current correspondence address, including an email address. TBMP § 117.07.